### WOJCIECHOWSKI *v.* MACK.

SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—EVIDENCE—SUFFICIENCY.

In a suit for the specific performance of an agreement to reassign a contract interest in certain lots, the finding of the court below that the evidence was insufficient to establish such agreement, *held*, sustained by the record.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted April 6, 1927. (Docket No. 23.) Decided June 6, 1927.

Bill by Joseph Wojciechowski against Tony Mack to compel the reassignment of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Bresnahan & Groefsema* and *Daniel H. Cronin,* for plaintiff.

*Edward Daskam,* for defendant.

Specific Performance, 36 Cyc. p. 784 (Anno).

WIEST, J.   Defendant owned and operated a meat market on leased premises.   Plaintiff had a contract interest in four lots on a road three miles west of Dearborn and nearly a mile from Michigan avenue. June 10, 1922, plaintiff having inflated the value of his contract interest in the lots and defendant having done likewise with the value of the market, the parties were ready for an arms-length deal, and plaintiff purchased the market with its fixtures and lease for $3,500 and $300 for the meats on hand.   In the deal plaintiff was credited $2,800 for his contract interest in the lots, assigned the contract, gave a chattel mortgage to defendant for $700 on the market, and paid $300 for the stock of meats and took possession the day of the deal.   The next day plaintiff was refused credit by two wholesale meat dealers.   The day following he was sick of his purchase and asked defendant to buy back.   A new deal was made under which plaintiff sold to defendant, turned over the lease, and received a discharge of the chattel mortgage and $100 in cash.   Claiming defendant agreed to reassign to him the contract interest in the lots, plaintiff filed this bill to obtain specific performance or a money decree. The circuit judge was unable to find such an agreement and dismissed the bill.   Plaintiff appealed.

Plaintiff had purchased the lots three years before, on land contract, was to pay $200 each for them, and at the time of the deal with defendant $580 was due. The market was not worth $3,500; neither was plaintiff's contract interest in the lots worth $2,800.   Plaintiff did not establish, by a preponderance of evidence, the agreement alleged.   The case does not involve rescission or fraud, but was planted squarely upon an agreement to assign to plaintiff the contract interest in the lots.   It would be of no benefit to review the testimony.   Plaintiff's case rested upon his testimony alone.   Defendant's claim with reference to the lots

is supported, to some extent, by the testimony of the person who prepared the papers on the resale.   Upon this record we are constrained to agree with the circuit judge.

The decree is affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.